UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES RUSSELL, | |
| Petitioner, | Civ. No. 20-1312 (PGS) |
| v. | |
| STEPHEN JOHNSON, | **MEMORANDUM & ORDER** |
| Respondents. | |

Petitioner is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (*See* ECF 1). Presently pending before this Court is Petitioner's request for a stay and abeyance. (*See* ECF 1-3). For the following reasons, that request will be denied without prejudice.

Petitioner seeks a stay and abeyance of this § 2254 action so that he can exhaust a claim in state court. More specifically, Petitioner requests a stay so that he can exhaust the following claim in the state courts: "Ineffective assistance of post-conviction relief counsel for failing to raise ineffective assistance of trial counsel for failing to present to the court that the arrest warrant was defective." (*See* ECF 1-3 at 7).

Petitioner is seeking a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court noted as follows:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a

---

[1] The Clerk docketed an amended habeas petition on March 31, 2020 in this action. (*See* ECF 9). However, that habeas petition relates to a separate judgment and conviction for which Petitioner has a separate habeas petition. (*See* No. 20-3478). It was mistakenly filed in this case then as an amended habeas petition. Thus, this Court will ignore the "amended habeas petition" as it was improperly filed in this case, thereby making the original habeas petition (ECF 1) the operative habeas petition in this case.

> petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

This Court will deny Petitioner's request for a *Rhines* stay without prejudice. First, the operative habeas petition (*see* ECF 1) in this case is not mixed. Petitioner has not filed an amended habeas petition that raises his unexhausted claim, a prerequisite to granting a *Rhines* stay which permits staying "mixed' petitions. Rather, he only brings his unexhausted claim in his separate request for a stay.[2]

Second, Petitioner seeks to exhaust a claim for ineffective assistance of post-conviction relief counsel. That is not a cognizable federal habeas claim.[3] *See* 28 U.S.C. § 2254(i); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Thus, Petitioner's request for a stay and abeyance will be denied without prejudice.

---

[2] Furthermore, this Court notes that Petitioner's failure to include his unexhausted claim in his habeas petition could have statute of limitations implications on that claim. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (federal habeas petition does not statutorily toll the 28 U.S.C. § 2244 statute of limitations period).

[3] This Court recognizes that ineffective assistance of post-conviction relief counsel can provide a basis for overcoming procedural default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). However, this Court does not perceive Petitioner as seeking to overcome procedural default at the present time, but rather seeking to exhaust a claim that post-conviction relief counsel was ineffective.

2

Because Petitioner's request for a stay and abeyance is denied, this Court must screen the habeas petition at this time. Pursuant to 28 U.S.C. § 2254 and having screened the habeas petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), this Court concludes that it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief …." Accordingly, Respondents will be ordered to file a response to the habeas petition.

Therefore, IT IS this 15 day of Sept [June crossed out], 2020

ORDERED that Petitioner's request for a stay and abeyance (ECF 1-3) is denied without prejudice; and it is further

ORDERED that the Clerk shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

ORDERED also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the order to answer; and it is further

ORDERED that where the petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a motion to dismiss on timeliness grounds only, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an answer to the merits of the petition is unnecessary; and it is further

ORDERED that, if a motion to dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, in which Petitioner may argue any bases for statutory and/or equitable tolling, and to which Petitioner may attach any relevant exhibits; and it is further

ORDERED that, if Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief; and it is further

ORDERED that, if the motion to dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims; and it is further

ORDERED that if Respondents do not file a motion to dismiss the petition, they shall file a full and complete answer to all claims asserted in the petition within forty-five (45) days of the entry of this order; and it is further

ORDERED that Respondents' answer shall respond to each factual and legal allegation of the petition, in accordance with Habeas Rule 5(b); and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition by citing to relevant <u>federal</u> law; and it is further

ORDERED that, in addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or**

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

ORDERED that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); it is further

ORDERED that, within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is finally

ORDERED that the Clerk shall serve a copy of this memorandum and order on Petitioner by regular mail.

                                               PETER G. SHERIDAN
                                               United States District Judge