**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES RUSSELL**, <br><br> Petitioner, <br><br> v. <br><br> **STEPHEN JOHNSON, et al.**, <br><br> Respondents. | Civil Action No. 20-1312 (ZNQ) <br><br> **MEMORANDUM OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court upon Petitioner's motion for reconsideration of the denial of Ground Fourteen of his petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 43.) For the reasons discussed below, the Court will deny the motion.

**I. PROCEDURAL HISTORY**

On October 28, 2009, Petitioner was convicted in the New Jersey Superior Court, Ocean County of first-degree conspiracy to commit murder, first-degree murder, two counts of attempted murder, second-degree burglary, second-degree conspiracy to commit witness tampering, and first-degree witness tampering. (ECF No. 30-30 at 53–61.) He was sentenced to life without parole. (*Id.*) On March 31, 2020, Petitioner filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 8), challenging his conviction and sentence, and Respondents opposed habeas relief. (ECF Nos. 14-31.) On March 6, 2023, the Honorable Peter G. Sheridan, United States District Judge (retired) ("the Habeas Court") denied Petitioner's amended habeas

petition in its entirety. (ECF Nos. 39, 40.) The Habeas Court granted Petitioner an extension of time to file a motion for reconsideration, with a filing deadline of July 14, 2023. (ECF No. 42.) The Habeas Court received Petitioner's motion for reconsideration on July 26, 2023, with a cover letter dated July 14, 2023. (ECF No. 43-1.) "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The date of Petitioner's cover letter, in the absence of contrary evidence in the record, is sufficient to establish the date Petitioner submitted his motion for reconsideration to prison officials for mailing. The motion was reassigned to the undersigned on August 19, 2024. (ECF No. 45.)

## II. DISCUSSION

Petitioner seeks reconsideration of the Habeas Court's denial of Ground Fourteen of his amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 43.) Petitioner explains that in Ground Fourteen, he sought a new trial based on the State's alleged violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner contends the prosecution, during discovery, failed to disclose a letter John Powell wrote to the trial court. (*See* letter, ECF No. 30-48 at 17–20.) Powell stated in his letter that he only learned of a plot to murder a witness after he was incarcerated, and while Petitioner was incarcerated in a different facility. Powell also expressed his willingness to turn on his co-defendants. Petitioner argues the letter shows the murder plot took place prior to Powell and Russell's recorded conversations. Petitioner seems to imply the recorded conversations were, therefore, not discussions about a murder plot. Petitioner also contends the letter reveals that Powell concocted his testimony against Petitioner.

Petitioner acknowledges that he never exhausted his *Brady* claim. Instead, in his petition for post-conviction relief ("PCR"), he alleged his counsel provided ineffective assistance by failing

2

to introduce the Powell letter after it was disclosed to the defense belatedly during trial. The PCR court denied the claim, finding the letter was not relevant because the State had argued Powell and Petitioner's conversations were for the purpose of conveying messages to facilitate the murder plot, not to initially plan the murder. Petitioner contends what matters is that Powell's testimony was false, and the State failed to turn Powell's letter over to the defense prior to trial. Thus, Petitioner contends he was deprived of the opportunity to build his defense around this letter, attacking Powell's credibility because he admitted to the trial court that he lied about the plot.

A.     **The Habeas Court's Denial of Ground Fourteen**

In denying Ground Fourteen of the amended petition, the Habeas Court reached the merits of the claim, applying a de novo standard of review, as follows.

> Under *Brady*, the State bears an "affirmative duty to disclose [material] evidence favorable to a defendant." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (citing *Brady*, 373 U.S. 83.) "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). In *Strickler v. Greene*, the Supreme Court clarified that "[t]here are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." 527 U.S. 263, 281–82 (1999).
>
> Here, as noted by the PCR court in evaluating Petitioner's ineffective assistance of counsel version of this claim, whether the murder plot was complete prior to Powell's conversation with Petitioner is irrelevant. The [S]tate argued to the jury that Powell and Petitioner's conversations were for the purpose of conveying messages to help facilitate the murder plot, not to initially plan the murder. (*See* ECF No. 30-12 at 26:13-17 ("And you will also hear from Joseph Powell how he was an intermediary, a conduit for conversations and message from Jamell Scott and [Petitioner] to Trishawn Cochran, who is not in jail at the time.")) Additionally, the jury heard Powell testify that Powell's conversations with Petitioner were not for the purpose of planning the murder, rather they were

> for the purpose of relaying messages from Petitioner to Cochran regarding what was going on with the murder. (*See* ECF No. 30-15 at 106:12-25.)
>
> Regarding [Petitioner's] allegation that the Powell letter would have shown the jury that Powell had expressed his willingness to turn on his co-defendants, the jury was made aware of this information. Powell was thoroughly cross-examined regarding his police interview transcript and his offers to help the police if they would release him. (*See id.* at 85:3 to 88:5.) Defense counsel cross-examined Powell regarding several of his statements to police, including the following:
>
>> Just work with me. Just try, just try to work with me, man. Like, whatever you want, I'm gonna give it to you, man. I'm telling you, I'm gonna give it to you, man. I'm letting you, they don't care about me. I'm a sing.
>
> (*Id.*, at 86:12-16.)
>
> The Powell letter was not exculpatory as required by *Brady*, as the evidence presented at trial and summarized throughout this Opinion shows that Petitioner's conversations with Powell took place after the initial murder plot and were for the purpose of conveying messages regarding the completion of the murder not the planning of it. Petitioner has also not shown there is a "reasonable probability" that the outcome of his trial would have been different if the jury had been shown the Powell letter. As explained above, the jury was given the information Petitioner claims is exculpatory through Powell's testimony at trial. Petitioner has failed to meet the standard to show a *Brady* violation occurred. Habeas relief is not warranted on Ground Fourteen.

(ECF No. 39 at 72-75).

**B.     Federal Rule of Civil Procedure 59(e)**

A party may file a motion to alter or amend a judgment within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). Such motions "may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d

Cir. 2010)). Relief is available only on the four following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." (*Id.*) (quotation marks omitted and emphasis added in *Blystone*) (quoting *Howard Hess Dental Labs., Inc.*, 602 F.3d at 251)).

**C.     Analysis**

The Habeas Court correctly identified the elements of a *Brady* claim: that evidence favorable to the accused was suppressed by the State, and nondisclosure prejudiced the defense. *Turner v. United States*, 582 U.S. 313, 323 (2017) (citing *Strickler*, 537 U.S. at 281–82). In the context of a *Brady* claim, prejudice means "the suppressed evidence undermines confidence in the outcome of the trial." *Id.* (internal quotation marks and quotations omitted). Significantly, Powell stated in his letter "I am aware of what my phone conversations may have seemed like" but he denied his intention to convey a message to have someone killed. (ECF No. 30-48 at 19). In finding lack of prejudice for the *Brady* claim, the Habeas Court considered Petitioner's cross-examination of Powell, which finds support in the PCR Court's Opinion addressing defense counsel's failure to introduce the Powell letter into evidence. (*See* PCR court Opinion, ECF No. 30-42 at 48–50). Petitioner's counsel, on cross-examination, used Powell's own words to suggest he would lie about anything to protect himself. (*Id.*) Little more could be gained to attack Powell's credibility. Moreover, the content and timing of the recorded phone calls provided strong evidence that Powell conveyed messages between Petitioner and Cochran about Petitioner's desire for his gang members to kill the witness against him before he could testify at Petitioner's trial. (*See* Appellate Division Findings of Fact, ECF No. 30-35 at 5–8.) Petitioner has not established a clear error of law or fact or the need to prevent a manifest injustice in the Habeas Court's denial of his

5

*Brady* claim. Petitioner's motion for reconsideration is an improper attempt to relitigate the case. *See Blystone*, 664 F.3d at 415 ("the scope of a motion for reconsideration … is extremely limited.") Therefore, reconsideration of the Court's denial of Ground Fourteen is not warranted.

### III.    CONCLUSION

For the reasons discussed above, the Court will deny Petitioner's motion for reconsideration of Ground Fourteen of his amended habeas petition. Because jurists of reason would not disagree with the Court's resolution of Petitioner's motion for reconsideration of Petitioner's *Brady* claim, the Court shall not grant a certificate of appealability. *See Miller-El v. Cockerell*, 537 U.S. 322, 327 (2003) (describing standard for issuance of certificate of appealability under 28 U.S.C. § 2253(c)).

DATE:  September 3, 2024

                                                     s/Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**